IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DON CARL DILLEN,                )
                                )
            Plaintiff,           )
                                )
      v.                         )
                                ) Civil Action No. 13-354E
CAROLYN W. COLVIN,              )
ACTING COMMISSIONER OF          )
SOCIAL SECURITY,                )
                                )
            Defendant.           )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 2nd day of March, 2015, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act, IT IS ORDERED that the Acting Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his SSI application on March 7, 2011, alleging disability due to depression, anxiety, anger issues and neck surgery from a gunshot wound. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on June 5, 2012, at which he appeared and testified while represented by counsel. On June 13, 2012, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on October 15, 2013, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has an eighth-grade education, was 40 years old when he applied for SSI, and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has past relevant work experience as a temporary laborer, but he has not engaged in substantial gainful activity at any time since filing his application.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of a back disorder, a neck disorder, major depressive disorder, a history of schizophrenia and a history of substance abuse, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with a number of additional non-exertional limitations. Plaintiff is limited to simple and repetitive work that involves only routine work processes and settings. He also is limited to work that is not high stress, meaning that it does not involve high quotas or close attention to quality production standards. In addition, plaintiff is restricted from working in a loud noise environment. Finally, plaintiff is precluded from team work, and he limited to work that does not involve contact with the general public (collectively, the "RFC Finding").

Based upon testimony by a vocational expert, the ALJ concluded that plaintiff's vocational factors and residual functional capacity do not permit him to perform his past relevant work. However, the ALJ found that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as a cleaner (housekeeper), press operator

AO 72
(Rev. 8/82)

and night patrol. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Social Security Regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1] 20 C.F.R. §416.920(a)(4). If the

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §916.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §416.945(a)(4).

claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5 because he gave inadequate weight to the opinion of plaintiff's treating physicians, and he assigned too much weight to the opinion of a state agency physician. The court finds that plaintiff's arguments are without merit.[2]

Plaintiff contends that the ALJ did not properly weigh the respective opinion of his treating physician, Dr. Nesbit, and that of his treating psychiatrist, Dr. Yohe. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §416.927(c)(2). Under this standard, the ALJ properly determined that each doctor's opinion should be given some weight, but not controlling weight.[3] (R. 25, 26).

Plaintiff first complains that the ALJ failed to give

---

[2] Plaintiff also suggested without explanation or support that the ALJ erred by finding his knee strain is not a severe impairment. Contrary to plaintiff's suggestion, the ALJ properly explained why he determined plaintiff's knee strain was not a severe impairment, but nonetheless gave plaintiff the benefit of doubt by limiting him to light work, which fully accounted for any restrictions plaintiff experienced as a result of his knee strain. (R. 20).

[3] If a treating physician's opinion is not entitled to controlling weight, the ALJ will give it the weight he deems appropriate based on such factors as the nature and extent of the treatment relationship, whether the opinion is supported by medical signs and laboratory findings and whether the opinion is consistent with the record as a whole. See 20 C.F.R. §§416.927(c)(2)-(4).

adequate weight to Dr. Nesbitt's check mark answers on a form report that plaintiff likely would miss, or be unable to complete, work one day per week. (R. 307). Plaintiff argues that the ALJ should have given controlling weight to Dr. Nesbitt's opinion on that matter, and therefore should have determined that he is disabled.

The ALJ gave some weight to Dr. Nesbitt's assessment of plaintiff's physical capabilities, but found little support in the record for Dr. Nesbitt's conclusion that plaintiff likely would miss one day of work per week. (R. 25). As the ALJ explained, plaintiff's unremarkable physical examinations and the conservative nature of his treatment were contrary to such a conclusion.

The ALJ properly determined that Dr. Nesbitt's opinion concerning plaintiff's likely absence from work one day per week was not well supported by the record. The form report upon which plaintiff relies does not explain the basis for Dr. Nesbitt's opinion regarding work absences, and it is inconsistent with plaintiff's treatment records which fail to document findings that would warrant such a limitation. (R. 283-84, 286-87, 289-90, 292-94). Accordingly, the court finds no error in the ALJ's consideration and weighing of Dr. Nesbitt's opinion.[4]

The court likewise finds no error in the ALJ's evaluation of

---

[4]Although the ALJ did not give all aspects of Dr. Nesbitt's opinion controlling weight, he nonetheless considered and relied upon it in making the RFC Finding by giving it some weight. (R. 25).

Dr. Yohe's opinion on plaintiff's ability to perform various mental work-related functions. Dr. Yohe completed a form report indicating that plaintiff only was slightly limited in understanding, remembering and carrying out short and simple instructions, but he was moderately limited with detailed instructions, as well as making work-related judgments, responding to work pressures and interacting with supervisors, co-workers and the public. (R. 254-55). Dr. Yohe also concluded that plaintiff would be off-task 4-15 minutes per hour. (R. 255).

Plaintiff argues that the ALJ should have adopted Dr. Yohe's off-task assessment, which would preclude him from working. Plaintiff is incorrect.

The ALJ explained that he gave much of Dr. Yohe's assessment significant weight, but found that plaintiff's mental health treatment records did not support the off-task assessment. (R. 26). After reviewing the record, the court agrees that plaintiff's psychiatric evaluations and treatment records are consistent with moderate mental work-related limitations, but not the off-task assessment. (R. 220, 236, 238, 241-42). Accordingly, the ALJ was not required to include in the RFC Finding Dr. Yohe's off-task assessment.[5]

Finally, the court finds no error in the ALJ's consideration

---

[5] The ALJ's RFC Finding adequately accommodated plaintiff's moderate mental work related limitations by restricting plaintiff to simple and repetitive work that involves only routine work processes and settings, work that is not high stress, no work in a loud noise environment, no team work and no work with the general public.

AO 72
(Rev. 8/82)

of, and partial reliance upon, the opinion of Dr. Paul Fox, a non-examining state medical consultant who reviewed plaintiff's records in April 2011 and determined that he did not have any severe physical impairment. (R. 56). The ALJ noted that Dr. Fox's assessment was based on plaintiff's remote history of a gunshot wound to the neck, but plaintiff did not have any limitation resulting from that injury when Dr. Fox reviewed his records. (R. 25, 56). The ALJ found that Dr. Fox's assessment was entitled to some weight because it was consistent with plaintiff's treatment records at the time of Dr. Fox's review, but the ALJ restricted plaintiff to light work based on subsequent treatment for musculoskeletal pain. (R. 25).

Plaintiff contends that the ALJ improperly relied on Dr. Fox's opinion, in part because Dr. Fox did not review plaintiff's complete medical record. Contrary to plaintiff's position, the regulations specify that state agency medical consultants, such as Dr. Fox, "are highly qualified . . . physicians . . . who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants ... as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. §416.927(e)(2)(i).

Consistent with the regulations, the Third Circuit has recognized that the opinions of state agency consultants merit significant consideration. In <u>Chandler v. Commissioner of Social Security</u>, 667 F.3d 356 (3d Cir. 2011), the Third Circuit

determined the ALJ in that case properly relied on the state agency medical consultant's RFC assessment in support of his decision to deny the claimant's application for benefits, noting that the ALJ did not merely rubber stamp the medical consultant's RFC determination, but rather considered the evidence as a whole. Id. at 361-62.

Likewise, here, the ALJ properly relied in part on, and accorded some weight to, Dr. Fox's assessment of plaintiff's physical capabilities. As in Chandler, the ALJ did not simply rubber stamp Dr. Fox's opinion. Rather, the ALJ considered Dr. Fox's opinion as consistent with the record when he rendered it, but nevertheless limited plaintiff to light work based on his subsequent treatment for musculoskeletal problems. (R. 25).

Moreover, to the extent plaintiff suggests that the lapse of time between Dr. Fox's assessment in April 2011 and the subsequent administrative hearing made it inappropriate for the ALJ to rely on Dr. Fox's opinion, the Third Circuit rejected that argument in Chandler, stating that "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it." 667 F.3d at 361. It is for the ALJ to determine whether subsequent medical evidence impacts the earlier findings. Id., citing SSR 96-6p. After considering all of the evidence here, the ALJ noted that Dr. Fox's assessment was consistent with the treatment records that were available when Dr. Fox reviewed the record, but plaintiff subsequently was treated for musculoskeletal pain. (R. 25). Consequently, the ALJ

AO 72
(Rev. 8/82)

rejected Dr. Fox's assessment that plaintiff has no severe physical impairment, and instead determined that his back disorder and neck disorder are severe. The ALJ then accommodated those severe impairments by restricting plaintiff to light work. Accordingly, the ALJ did not err in his consideration and weighing of Dr. Fox's opinion.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: R. Christopher Brode, Esq.
Brode Law Firm
305 Walnut Street
Meadville, PA 16335

Christine A. Sanner
Assistant U.S. Attorney
17 South Park Row
Room A330
Erie, PA 16501